UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
)
MARY GRACE MAGTOLES, AIRA C. TAN,     )
ANA MYRENE ESPINOSA and ANA MERVINE     )
ESPINOSA, individually and on behalf of all others     )
similarly situated,     )
                         *Plaintiffs*,   )     Case 1:21-cv-01850-KAM-PK
)
       - against -     )     **ANSWER with**
)     **COUNTERCLAIM**
UNITED STAFFING REGISTRY, INC. d/b/a     )
United Home Care and BENJAMIN H. SANTOS,     )
                         *Defendants*.  )
)
-----------------------------------------------------------------------X

      Defendants UNITED STAFFING REGISTRY, INC. and BENJAMIN H. SANTOS, by

undersigned counsel, respond to Plaintiffs' Complaint, and state thus:

      1.     The allegations in Paragraph 1 of the Complaint contain legal conclusions to

which no responsive pleading is required and the Defendants defer to the Court for a

determination as to the legal sufficiency of such allegations.

      2.     The Defendants respectfully refer to the Court the documents ("standard

employment contract") referenced by the Plaintiffs in Paragraph 2 of the Complaint for its

content, meaning and effect, and otherwise deny the allegations contained in Paragraph 2 of the

Complaint, except admit that they are foreign labor recruiters who have recruited more than 100

nurses and other health care professionals from the Philippines to work for them in this District.

      3.     The Defendants respectfully refer to the Court the documents referenced by the

Plaintiffs in Paragraph 3 of the Complaint for its content, meaning and effect, and otherwise

deny the allegations contained in Paragraph 3 of the Complaint.

      4.     The Defendants deny the allegations in Paragraph 4 of the Complaint.

5.     The Defendants deny any factual allegations contained in Paragraph 5 of the Complaint, except admit that Plaintiffs have asserted claims and seek damages against them.

## <u>Jurisdiction and Venue</u>

6.     The allegations in Paragraph 6 of the Complaint contain legal conclusions to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations.

7.     The allegations in Paragraph 7 of the Complaint contain legal conclusions to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations.

## <u>The Parties</u>

8.     The Defendants deny the allegation in Paragraph 8 of the Complaint that Plaintiff Mary Grace Magtoles is an employee of the Defendants and further deny knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 8 of the Complaint.

9.     The Defendants deny the allegation in Paragraph 9 of the Complaint that Plaintiff Aira C. Tan is an employee of the Defendants and further deny knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 9 of the Complaint.

10.     The Defendants deny the allegation in Paragraph 10 of the Complaint that Plaintiff Ana Myrene Espinosa is an employee of the Defendants and further deny knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 10 of the Complaint.

11.     There is no factual allegation to be admitted or denied in Paragraph 11 of the Complaint, except that Defendants admit that Plaintiffs Mary Grace Magtoles, Aira C. Tan and

Ana Myrene Espinosa are referred to by Plaintiffs themselves as "Nurse Plaintiffs" in their Complaint.

12.     The Defendants deny the allegation in Paragraph 12 of the Complaint that Plaintiff Ana Mervine Espinosa is a Physical Therapy Aide licensed to practice in the state of New York, and further deny knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 12 of the Complaint.

13.     The Defendants admit the allegations in Paragraph 13 of the Complaint.

14.     The Defendants admit the allegations in Paragraph 14 of the Complaint.

15.     The Defendants deny the allegations in Paragraph 15 of the Complaint.

16.     The Defendants deny the allegations in Paragraph 16 of the Complaint.

17.     The Defendants deny the allegations in Paragraph 17 of the Complaint.

**Facts Common to All Claims**

18.     The Defendants admit the allegations in the first sentence of Paragraph 18 of the Complaint, but deny the allegations contained in the second sentence of Paragraph 18, the truth of the matter being that throughout the referenced time period, Defendants have required the Filipino health care professionals to execute several and different versions of an employment contract, and not just one "standard employment contract".

19.     The Defendants admit the allegations contained in Paragraph 19 of the Complaint that Plaintiff Mary Grace Magtoles signed an employment contract that was counter-signed by Defendant Santos, but deny the allegation that said contract was a "standard" employment contract, the truth of the matter being that the contract signed by Plaintiff Magtoles happened to be the version used by Defendants at the time that Magtoles signed the contract.

20. The Defendants admit the allegations contained in Paragraph 20 of the Complaint that Plaintiff Aira C. Tan signed an employment contract that was counter-signed by Defendant Santos, but deny the allegation that said contract was a "standard" employment contract, the truth of the matter being that the contract signed by Plaintiff Tan happened to be the version used by Defendants at the time that Tan signed the contract.

21. The Defendants admit the allegations contained in Paragraph 21 of the Complaint that Plaintiff Ana Myrene Espinosa signed an employment contract that was counter-signed by Defendant Santos, but deny the allegation that said contract was a "standard" employment contract, the truth of the matter being that the contract signed by Plaintiff Ana Myrene Espinosa happened to be the version used by Defendants at the time that Espinosa signed the contract.

**A. Defendants' Pattern and Practice of Paying Less Than the Prevailing Wages Required by the Employment Contracts**

22. The Defendants deny the allegations contained in Paragraph 22 of the Complaint to the extent that said paragraph assumes there was one "standard" employment contract used by the Defendants. To the extent Paragraph 22 refers to the employment contracts individually signed by each of Plaintiffs Magtoles, Tan and Espinosa, the Defendants respectfully refer to the Court the documents referenced by the Plaintiffs for its content, meaning and effect.

23. The Defendants admit the allegations contained in Paragraph 23 of the Complaint.

24. The Defendants admit the allegations contained in Paragraph 24 of the Complaint.

25. The allegations in Paragraph 25 of the Complaint contain legal conclusions to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations.

26. The Defendants deny the allegations contained in Paragraph 26 of the Complaint, but qualifiedly admit that for the orientation period of Plaintiff Magtoles at the Regal Heights

Rehabilitation and Health Care Center, which orientation was for at least five days spanning a two-week period, Defendants and Plaintiff Magtoles entered into a written agreement that Plaintiff Magtoles would be paid $15.00 per hour for such orientation period.

27.     The Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.     The Defendants deny the allegations contained in Paragraph 28 of the Complaint, the truth of the matter being that Plaintiff Magtoles submitted her time sheets directly to the coordinators and supervisors of her healthcare facility worksites, and never to Defendants.

29.     The Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30.     The Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.     The Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.     The Defendants admit the allegations contained in Paragraph 32 of the Complaint.

33.     The Defendants admit the allegations contained in Paragraph 33 of the Complaint.

34.     The Defendants deny the allegations contained in Paragraph 34 of the Complaint, but qualifiedly admit that for the orientation period of Plaintiff Tan at the Regal Heights Rehabilitation and Health Care Center, which orientation was for at least five days spanning a two-week period, Defendants and Plaintiff Tan entered into a written agreement that Plaintiff Tan would be paid $15.00 per hour for such orientation period.

35.     The Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.     The Defendants deny the allegations contained in Paragraph 36 of the Complaint, the truth of the matter being that Plaintiff Tan submitted her time sheets directly to the coordinators and supervisors of her healthcare facility worksites, and never to Defendants.

37.     The Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.     The Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.     The Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.     The Defendants admit the allegations contained in Paragraph 40 of the Complaint.

41.     The Defendants deny the allegations contained in Paragraph 41 of the Complaint, but qualifiedly admit that for the orientation period of Plaintiff Ana Myrene Espinosa at the Regal Heights Rehabilitation and Health Care Center, which orientation was for at least five days spanning a two-week period, Defendants and Plaintiff Espinosa entered into a written agreement that Plaintiff Espinosa would be paid $15.00 per hour for such orientation period.

42.     The Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.     The Defendants deny the allegations contained in Paragraph 43 of the Complaint, the truth of the matter being that Plaintiff Espinosa submitted her time sheets directly to the coordinators and supervisors of her one and only healthcare facility worksite (and not two), and never to Defendants.

44.     The Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.     The Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46.     The Defendants deny the allegations contained in Paragraph 46 of the Complaint.

**B.  Defendants' Pattern and Practice of Illegally Charging Filipino Health Care Professionals for Labor Certification Costs and Attorney's Fees**

47.     The Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.     The allegations contained in Paragraph 48 of the Complaint contain legal conclusions to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations.

49.     The allegations contained in Paragraph 49 of the Complaint contain legal conclusions to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations.

50.     The Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.     The Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.     The Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.     The Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.     The Defendants deny the allegations contained in Paragraph 54 of the Complaint.

**C.   Defendants' Pattern and Practice of Threatening Serious Harm
       to Prevent Filipino Health Care Professionals from Leaving Their Employ**

55.     The Defendants deny the allegations contained in Paragraph 55 of the Complaint.

### *1.       Defendants' Illegal $90,000 Indenture*

56.     The Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57.     The Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58.     The Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59.     The Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60.     The Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61.     The Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62.     The Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63.     The Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64.     The Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint.

### *2.       The Nationwide, Three-Year Non-Compete Penalty*

65.     The Defendants deny the allegations contained in Paragraph 65 of the Complaint to the extent that said paragraph assumes there was one "standard" employment contract used by the Defendants. To the extent Paragraph 65 refers to the employment contracts individually signed by each of Plaintiffs Magtoles, Tan and Espinosa, the Defendants deny any factual

allegations and respectfully refer to the Court the documents referenced by the Plaintiffs for its content, meaning and effect.

66. The allegations contained in Paragraph 66 of the Complaint contain legal conclusions to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations. To the extent that Paragraph 66 contains any factual allegations, the Defendants deny the same.

67. The allegations contained in Paragraph 67 of the Complaint contain legal conclusions to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations. To the extent that Paragraph 67 contains any factual allegations, the Defendants deny the same.

68. The allegations contained in Paragraph 68 of the Complaint contain legal conclusions to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations. To the extent that Paragraph 68 contains any factual allegations, the Defendants deny the same.

69. The allegations contained in Paragraph 69 of the Complaint contain legal conclusions to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations. To the extent that Paragraph 69 contains any factual allegations, the Defendants deny the same.

70. The allegations contained in Paragraph 70 of the Complaint contain legal conclusions to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations. To the extent that Paragraph 70 contains any factual allegations, the Defendants deny the same.

71.     The Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint.

72.     The Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint.

73.     The Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint.

74.     The allegations contained in Paragraph 74 of the Complaint contain legal conclusions to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations. To the extent that Paragraph 74 contains any factual allegations, the Defendants deny the same.

### 3.     *Defendants' Threats to Have Plaintiffs Deported*

75.     The Defendants deny the allegations contained in Paragraph 75 of the Complaint to the extent that said paragraph assumes there was one "standard" employment contract used by the Defendants. To the extent Paragraph 75 refers to the employment contracts individually signed by each of Plaintiffs Magtoles, Tan and Espinosa, the Defendants deny any factual allegations and respectfully refer to the Court the documents referenced by the Plaintiffs for its content, meaning and effect.

76.     The Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77.     The Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78.     The Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79.     The Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80.     The Defendants deny the allegations contained in Paragraph 80 of the Complaint.

### 4.     *Defendants' Use of False Statements and Illegal Fees to Prevent Plaintiff Ana Mervine Espinosa from Ending their Relationship*

81.     The Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82.     The Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83.     The Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84.     The Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.     The Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86.     The Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint.

**<u>Class Action Claims</u>**

87.     The Defendants deny the allegations contained in Paragraph 87 of the Complaint, except admit that Plaintiffs bring their alleged claims as a class action.

88.     The allegations in Paragraph 88 of the Complaint contain legal conclusions to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations. To the extent Paragraph 88 contains any factual allegations, the Defendants deny the same.

89.     The allegations in Paragraph 89 of the Complaint contain legal conclusions to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations. To the extent Paragraph 89 contains any factual allegations, the Defendants deny the same.

90.     The allegations in Paragraph 90 of the Complaint contain legal conclusions to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations. To the extent Paragraph 90 contains any factual allegations, the Defendants deny the same and likewise deny that Plaintiffs are eligible to any injunctive or declaratory relief.

91.     The allegations in Paragraph 91 and all sub-paragraphs of Paragraph 91 of the Complaint contain legal conclusions to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations. To the extent Paragraph 91 and its sub-paragraphs contain any factual allegations, the Defendants deny the same and likewise deny that the alleged claims of the class are properly brought as a class action.

92.     The allegations in Paragraph 92 of the Complaint contain legal conclusions to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations. To the extent Paragraph 92 contains any factual allegations, the Defendants deny the same.

### FIRST CLAIM FOR RELIEF
### BY ALL PLAINTIFFS AGAINST
### ALL DEFENDANTS FOR VIOLATIONS OF THE
### TRAFFICKING VICTIMS PROTECTION ACT (TVPA)
### 18 U.S.C. § 1595

93.     With respect to the individual allegations incorporated by reference in Paragraph 93 of the Complaint, the Defendants refer to and reincorporate herein their responses to each such individual allegation as set forth in the paragraphs above.

94.     The allegations in Paragraph 94 of the Complaint contain legal conclusions to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations.

95.     The allegations in Paragraph 95 of the Complaint contain legal conclusions or definition to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations.

96. The allegations in Paragraph 96 of the Complaint contain legal conclusions to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations.

97. The Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98. The Defendants deny the allegations contained in Paragraph 98 of the Complaint.

99. The allegations in Paragraph 99 of the Complaint contain legal conclusions or definition to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations.

100. The Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101. The Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102. The Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103. The Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104. The Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105. The allegations in Paragraph 105 of the Complaint contain legal contentions or conclusions to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations. To the extent Paragraph 105 contains any factual allegations, the Defendants deny the same.

**SECOND CLAIM FOR RELIEF**
**BY ALL PLAINTIFFS AGAINST**

**ALL DEFENDANTS FOR CONSPIRING TO VIOLATE**
**THE TRAFFICKING VICTIMS PROTECTION ACT (TVPA)**
**18 U.S.C. § 1594(b)**

106.    With respect to the individual allegations incorporated by reference in Paragraph 106 of the Complaint, the Defendants refer to and reincorporate herein their responses to each such individual allegation as set forth in the paragraphs above.

107.    The Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108.    The Defendants deny the allegations contained in Paragraph 108 of the Complaint.

109.    The Defendants deny the allegations contained in Paragraph 109 of the Complaint.

110.    The Defendants deny the allegations contained in Paragraph 110 of the Complaint.

111.    The Defendants deny the allegations contained in Paragraph 111 of the Complaint.

112.    The Defendants deny the allegations contained in Paragraph 112 of the Complaint.

113.    The Defendants deny the allegations contained in Paragraph 113 (and its sub-paragraphs) of the Complaint.

114.    The Defendants deny the allegations contained in Paragraph 114 of the Complaint.

115.    The Defendants deny the allegations contained in Paragraph 115 of the Complaint.

116.    The allegations in Paragraph 116 of the Complaint contain legal contentions or conclusions to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations. To the extent Paragraph 116 contains any factual allegations, the Defendants deny the same.

**THIRD CLAIM FOR RELIEF**
**BY ALL PLAINTIFFS AGAINST**
**ALL DEFENDANTS FOR ATTEMPTING TO VIOLATE**
**THE TRAFFICKING VICTIMS PROTECTION ACT (TVPA)**
**18 U.S.C. § 1594(a)**

117.    With respect to the individual allegations incorporated by reference in Paragraph 117 of the Complaint, the Defendants refer to and reincorporate herein their responses to each such individual allegation as set forth in the paragraphs above.

118.    The Defendants deny the allegations contained in Paragraph 118 of the Complaint.

119.    The Defendants deny the allegations contained in Paragraph 119 of the Complaint.

120.    The allegations in Paragraph 120 of the Complaint contain legal contentions or conclusions to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations. To the extent Paragraph 120 contains any factual allegations, the Defendants deny the same.

**FOURTH CLAIM FOR RELIEF**
**BY THE NURSE PLAINTIFFS**
**AGAINST ALL DEFENDANTS**
**FOR BREACH OF CONTRACT**

121.    With respect to the individual allegations incorporated by reference in Paragraph 121 of the Complaint, the Defendants refer to and reincorporate herein their responses to each such individual allegation as set forth in the paragraphs above.

122. The Defendants admit the allegations contained in Paragraph 122 of the Complaint.

123. The Defendants deny the allegations contained in Paragraph 123 of the Complaint.

124. The Defendants deny the allegations contained in Paragraph 124 of the Complaint.

125. The Defendants deny the allegations contained in Paragraph 125 of the Complaint.

126. The Defendants deny the allegations contained in Paragraph 126 of the Complaint.

127. The allegations in Paragraph 127 of the Complaint contain legal contentions or conclusions to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations. To the extent Paragraph 127 contains any factual allegations, the Defendants deny the same.

**FIFTH CLAIM FOR RELIEF**
**BY THE NURSE PLAINTIFFS**
**AGAINST ALL DEFENDANTS**
**FOR A DECLARATORY JUDGMENT**

128. With respect to the individual allegations incorporated by reference in Paragraph 128 of the Complaint, the Defendants refer to and reincorporate herein their responses to each such individual allegation as set forth in the paragraphs above.

129. The allegations in Paragraph 129 of the Complaint contain legal contentions or conclusions to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations.

130.     The allegations in Paragraph 130 of the Complaint contain legal contentions or conclusions to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations.

131.     The allegations in Paragraph 131 of the Complaint contain legal contentions or conclusions to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations.

132.     The allegations in Paragraph 132 of the Complaint contain legal contentions or conclusions to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations.

133.     The allegations in Paragraph 133 of the Complaint contain legal contentions or conclusions to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations.

134.     The allegations in Paragraph 134 of the Complaint contain legal contentions or conclusions to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations.

135.     The allegations in Paragraph 135 of the Complaint contain legal contentions or conclusions to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations.

136.     The allegations in Paragraph 136 of the Complaint contain legal contentions or conclusions to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations.

**SIXTH CLAIM FOR RELIEF**
**BY PLAINTIFF ANA MERVINE ESPINOSA**
**AGAINST ALL DEFENDANTS**
**FOR UNJUST ENRICHMENT**

137.     With respect to the individual allegations incorporated by reference in Paragraph 137 of the Complaint, the Defendants refer to and reincorporate herein their responses to each such individual allegation as set forth in the paragraphs above.

138.     The Defendants deny the allegations contained in Paragraph 138 of the Complaint.

139.     The Defendants deny the allegations contained in Paragraph 139 of the Complaint.

140.     The allegations in Paragraph 140 of the Complaint contain legal contentions or conclusions to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations.

**SEVENTH CLAIM FOR RELIEF**
**BY PLAINTIFF ANA MERVINE ESPINOSA**
**AGAINST ALL DEFENDANTS**
**FOR FRAUD**

141.     With respect to the individual allegations incorporated by reference in Paragraph 141 of the Complaint, the Defendants refer to and reincorporate herein their responses to each such individual allegation as set forth in the paragraphs above.

142.     The Defendants deny the allegations contained in Paragraph 142 of the Complaint.

143.     The allegations in Paragraph 143 of the Complaint contain legal contentions or conclusions to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations. To the extent that Paragraph 143 contains any factual allegations, the Defendants deny the same.

144. The Defendants deny the allegations contained in Paragraph 144 of the Complaint.

145. The Defendants deny the allegations contained in Paragraph 145 of the Complaint.

146. The Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 of the Complaint.

147. The allegations in Paragraph 147 of the Complaint contain legal contentions or conclusions to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations. To the extent that Paragraph 147 contains any factual allegations, the Defendants deny the same.

## Jury Demand

148. The allegations in Paragraph 148 of the Complaint contain legal contentions or conclusions to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations.

## Prayer for Relief

149. The allegations in the "WHEREFORE" clause of the Complaint contain legal contentions or conclusions to which no responsive pleading is required and the Defendants defer to the Court for a determination as to the legal sufficiency of such allegations. To the extent a response is required, the Defendants deny that the Plaintiffs are eligible for any relief.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden on Defendants, the Defendants hereby assert the following defenses and reserve the right to amend and add further defenses.

1.      Plaintiffs fail to state a claim upon which relief may be granted.

2.      Plaintiffs' Complaint fails to state a claim under 18 U.S.C. § 1589 upon which relief can be granted.

3.      Plaintiffs' Complaint fails to state a claim under 18 U.S.C. § 1590 upon which relief can be granted.

4.      Plaintiffs' Complaint fails to state a claim under 18 U.S.C. § 1594 upon which relief can be granted.

5.      Plaintiffs have failed to state a claim upon which relief may be granted regarding the forced labor and trafficking claims alleged in Plaintiffs' Complaint because Plaintiffs fail to allege any acts by Defendants which may be determined to be violations of 18 U.S.C. §§ 1589-1590, 1594, 1595.

7.      Plaintiffs' claims are pre-empted by the Immigration and Nationality Act, 8 U.S.C. §§ 1001 *et seq.*

8.      Plaintiffs have failed to state a claim upon which relief may be granted because individuals do not have a private cause of action to enforce violations of the Immigration and Nationality Act and/or because Plaintiffs have failed to exhaust administrative remedies.

9.      Plaintiffs' damages, if any, are the result of acts or omissions committed by them.

10.     Plaintiffs' damages, if any, are the result of acts or omissions committed by other parties over whom Defendants have no responsibility or control.

11.     Plaintiffs have failed to mitigate their damages or to take reasonable steps to mitigate their damages, if any found to exist.

12.     The damages allegedly suffered by Plaintiffs, if any, which injuries and damages are specifically denied by Defendants, were caused in whole or in part, or were exacerbated by,

the negligence and/or culpable conduct of Plaintiffs and accordingly, Plaintiffs' claims against Defendants are barred or diminished in the proportion that such negligence and/or culpable conduct bears to the total culpable conduct causing the alleged damages.

13.     Plaintiffs' claims are barred by reason of Plaintiffs' own willful conduct, acquiescence, recklessness, fraud, deceit, misrepresentation, breach, consent, approval, and ratification.

14.     Plaintiffs' claims are barred because Defendants have fully performed their contractual obligations.

15.     Plaintiffs' claims are barred to the extent the Plaintiffs knowingly and intentionally did not complain of any alleged wage and hour violations to Defendants in bad faith to purposefully precipitate a claim.

16.     Plaintiffs' claims are barred, in whole or in part, under the doctrine of payment as Defendants have tendered some or all of the payments claimed to be owed to the Plaintiffs.

17.     To the extent payments were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the U.S. Department of Labor and/or the New York State Department of Labor, the Defendants cannot be liable for relief or recovery.

18.     Plaintiffs' claims are barred in whole or in part because they were paid in accordance with applicable laws.

19.     Defendants' acts were undertaken in good faith, without reckless disregard for Plaintiffs' statutory rights, and in compliance with and reliance on applicable laws, rules, regulations, rulings, approvals, interpretations and orders.

20.     Plaintiffs' claims are barred by the applicable statute of limitations.

21.     Plaintiffs are not entitled to recover punitive damages based on Defendants' conduct.

22.     Plaintiffs' lawsuit is frivolous, unreasonable, and attorney-driven, and Defendants are therefore entitled to an award of attorney's fees.

## COUNTERCLAIM

DEFENDANT United Staffing Registry, Inc., for its Counterclaim against Plaintiffs/Counterclaim Defendants Mary Grace Magtoles ("Magtoles"), Aira C. Tan ("Tan") and Ana Myrene Espinosa ("Espinosa"), states as follows:

1.     United Staffing Registry, Inc. ("United Staffing") is a New York corporation that operates as a staffing agency for healthcare facilities by placing qualified registered nurses and other healthcare workers in its client-facilities across the state.

2.     On information and belief, Magtoles is a resident of New York state.

3.     On information and belief, Tan is a resident of New York state.

4.     On information and belief, Espinosa is a resident of New York state.

5.     Under 28 U.S.C. § 1331, this Court has original jurisdiction over the federal claims raised in Plaintiffs' Complaint. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 for the state law claim comprising United Staffing's Counterclaim because the issues presented involve a common nucleus of operative facts, including the same parties, contracts, and courses of action.

6.     Venue is proper under 28 U.S.C. § 1391 because Magtoles, Tan and Espinosa all reside within the territorial jurisdiction of the Eastern District of New York and/or because a substantial part of the events or omissions giving rise to the Counterclaim occurred within the territorial jurisdiction of the Eastern District of New York.

7.      As a staffing company, United Staffing recruits and obtains its registered nurses from all over the world, and most of whom come from the Philippines.

8.      As a staffing company, United Staffing sponsors through the immigration sponsorship process most of its foreign-trained registered nurses.

9.      Foreign-trained registered nurses sponsored by United Staffing secure their employment-based immigrant visas or their green cards either through consular processing or through the adjustment of status procedure.

10.     On or about October 6, 2011, United Staffing filed its Form I-140 Petition for Immigrant Worker on behalf of Magtoles. The United States Citizenship and Immigration Services ("USCIS") approved the Form I-140 petition on May 2, 2012.

11.     On or about May 22, 2015, United Staffing filed its Form I-140 Petition for Immigrant Worker on behalf of Tan. The USCIS approved the Form I-140 petition on January 7, 2016.

12.     On or about March 18, 2019, United Staffing filed its Form I-140 Petition for Immigrant Worker on behalf of Espinosa. The USCIS approved the Form I-140 petition on March 20, 2019.

13.     On or around November 22, 2018, Magtoles executed a valid, binding, written employment agreement with United Staffing in which, among other things, Magtoles agreed to work for United Staffing as a registered nurse.

14.     On or around November 15, 2018, Tan executed a valid, binding, written employment agreement with United Staffing in which, among other things, Tan agreed to work for United Staffing as a registered nurse.

15.     On or around July 17, 2019, Espinosa executed a valid, binding, written employment agreement with United Staffing in which, among other things, Espinosa agreed to work for United Staffing as a registered nurse.

16.     Upon information and belief, on or about November 28, 2018, the United States Embassy in Manila, Philippines, after having reviewed and approved Magtoles's Employment Contract with United Staffing, issued an employment-based immigrant visa in favor of Magtoles on account of United Staffing's approved Form I-140 petition for Magtoles to be able to enter and work in the United States.

17.     After her entry into the United States using her immigrant visa, Magtoles received her green card which was issued to her on January 24, 2019.

18.     Upon information and belief, on or about December 13, 2018, the United States Embassy in Manila, Philippines, after having reviewed and approved Tan's Employment Contract with United Staffing, issued an employment-based immigrant visa in favor of Tan on account of United Staffing's approved Form I-140 petition for Tan to be able to enter and work in the United States.

19.     After her entry into the United States using her immigrant visa, Tan received her green card which was issued to her on February 12, 2019.

20.     After the approval of the Form I-140 Petition filed by United Staffing on her behalf, Espinosa simultaneously filed her Form I-485 adjustment of status application and her Form I-765 work authorization application on or about July 29, 2019. Espinosa was inside the United States at that time on an F-1 or student status, she having previously entered the United States with an F-1 student nonimmigrant visa.

21. On or about October 3, 2019, the USCIS approved Espinosa's Form I-765 application and issued her a work permit card or employment authorization document ("EAD").

22. The USCIS approved Espinosa's Form I-485 adjustment application and issued her green card on or about August 24, 2020.

23. As part of her Employment Contract with United Staffing, Magtoles expressly committed to work for United Staffing for a period of three calendar years, and to perform at least two thousand (2,000) hours per year and at least six thousand (6,000) hours for the three-year term.

24. As part of her Employment Contract with United Staffing, Tan expressly committed to work for United Staffing for a period of three calendar years, and to perform at least two thousand (2,000) hours per year and at least six thousand (6,000) hours for the three-year term.

25. As part of her Employment Contract with United Staffing, Espinosa expressly committed to work for United Staffing for a period of three calendar years, and to perform at least two thousand (2,000) hours per year and at least six thousand (6,000) hours for the three-year term.

26. Pursuant to their respective Employment Contracts with United Staffing, each of Magtoles, Tan and Espinosa individually agreed that if she terminated her employment before the completion of the three-year term and before the completion of the required 6,000 hours of service, each of them would be obligated to pay United Staffing liquidated damages in the amount of "$15.00 for each hour or part of an hour not performed of the requirement of six thousand (6,000) hours of work".

27.     Magtoles's employment with United Staffing began in earnest on or about February 12, 2019.

28.     Tan's employment with United Staffing began in earnest on or about March 14, 2019.

29.     Espinosa's employment with United Staffing began in earnest on or about November 13, 2019.

30.     Sometime on or around March 13, 2021, Magtoles stopped working for United Staffing.

31.     Sometime on or around March 12, 2021, Tan stopped working for United Staffing.

32.     Sometime on or around March 12, 2021, Espinosa stopped working for United Staffing.

33.     As of March 13, 2021, Magtoles completed less than the 6,000 hours she expressly agreed to perform under her Employment Contract with United Staffing and did not fulfill her three-year commitment of service.

34.     As of March 12, 2021, Tan completed less than the 6,000 hours she expressly agreed to perform under her Employment Contract with United Staffing and did not fulfill her three-year commitment of service.

35.     As of March 12, 2021, Espinosa completed less than the 6,000 hours she expressly agreed to perform under her Employment Contract with United Staffing and did not fulfill her three-year commitment of service.

## **Breach of Contract**

36.     United Staffing incorporates by reference the preceding paragraphs of its Counterclaim as if fully set forth herein.

37.     United Staffing fully performed its obligations under its Employment Contracts with each of Plaintiffs Magtoles, Tan and Espinosa.

38.     Magtoles has breached her Employment Contract with United Staffing by, among other things, terminating her employment before she completed the agreed-upon three-year term and before she completed rendering 6,000 hours of service.

39.     Tan has breached her Employment Contract with United Staffing by, among other things, terminating her employment before she completed the agreed-upon three-year term and before she completed rendering 6,000 hours of service.

40.     Espinosa has breached her Employment Contract with United Staffing by, among other things, terminating her employment before she completed the agreed-upon three-year term and before she completed rendering 6,000 hours of service.

41.     United Staffing has suffered and is suffering harm because of Magtoles's breach.

42.     United Staffing has suffered and is suffering harm because of Tan's breach.

43.     United Staffing has suffered and is suffering harm because of Espinosa's breach.

44.     Each of the Employment Contracts signed by Magtoles, Tan and Espinosa similarly entitles United Staffing to recover, among other things, liquidated damages in the amount of "Fifteen Dollars ($15.00) for each hour or part of an hour not performed of the requirement of six thousand (6,000) hours of work".

45.     The liquidated damages provision found in each of Magtoles's, Tan's and Espinosa's Employment Contracts is intended to compensate United Staffing for damages

difficult of ascertainment and associated with recruitment, hiring, training, onboarding, and sponsoring a new employee to fill a vacancy created by an employee prematurely terminating his or her contract and/or for such costs associated with transferring an existing employee to fill such a vacancy.

46.     The liquidated damages amount of "$15.00 for each hour or part of an hour not performed of the requirement of six thousand (6,000) hours of work" is proportionate to the anticipated harms that United Staffing will suffer in the event an employee, such as Magtoles or Tan or Espinosa, prematurely terminates his or her contract.

47.     The liquidated damages provision is valid, binding, and enforceable under New York law.

48.     As a staffing company, United Staffing earns revenues from the compensation it receives from its client-facilities for the time its employees work in each respective facility. When employees agree to a certain contractual term, United Staffing expects to receive a certain amount of profit for each hour the employee works during the term.

49.     By failing to complete the required term and required number of service-hours, each of Magtoles, Tan and Espinosa has deprived United Staffing of the profit it would have received had each of them fulfilled their respective contractual obligations.

50.     Therefore, because of Magtoles's breach of her Employment Contract with United Staffing, United Staffing has been damaged in an amount to be proven at trial.

51.     Therefore, because of Tan's breach of her Employment Contract with United Staffing, United Staffing has been damaged in an amount to be proven at trial.

52.     Therefore, because of Espinosa's breach of her Employment Contract with United Staffing, United Staffing has been damaged in an amount to be proven at trial.

53.     Separately, United Staffing is also entitled to recover attorney's fees and costs related to this litigation under the express terms of the Employment Contracts signed by each of Magtoles, Tan and Espinosa.

54.     In the alternative, United Staffing is entitled to recover compensatory damages caused by each of Magtoles's, Tan's and Espinosa's breach in an amount to be proven at trial, its costs, and its attorney's fees, even if the liquidated damages provision is determined to be unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that this Court enter judgment in their favor and against Plaintiffs Mary Grace Magtoles, Aira C. Tan, Ana Myrene Espinosa and Ana Mervine Espinosa, as follows:

1.     Dismissing the Complaint against all the Defendants;

2.     Awarding Defendant/Counterclaimant United Staffing Registry, Inc. all compensatory damages, interests and costs to which it is entitled;

3.     Awarding Defendant/Counterclaimant United Staffing Registry, Inc. its reasonable attorney fees incurred in this action pursuant to the Employment Contracts; and

4.     For all other relief just and proper in the premises.

Dated: January 12, 2022.

MANUEL B. QUINTAL, Esq.
Law Offices of Manuel B. Quintal, P.C.
291 Broadway, Suite 1501
New York, NY 10007
Tel. No. 212-732-0055

FELIX Q. VINLUAN
Law Office of Felix Vinluan
6910 Roosevelt Avenue, 2nd Floor

Woodside, NY 11377
Tel. No. 718-478-4488
*Attorneys for the Defendants*

## VERIFICATION

STATE OF NEW YORK    )
COUNTY OF QUEENS    ) S.S.

BENJAMIN H. SANTOS, after having been duly sworn in accordance with law, hereby depose and state that: I am the President and owner of Defendant United Staffing Registry, Inc; that I am likewise one of the Defendants in this action; that I have read the foregoing Verified Answer with Counterclaim, and know the contents thereof, and the same is true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and that as to those matters, I believe them to be true.

BENJAMIN H. SANTOS

SUBSCRIBED AND SWORN to before me this 12th day of January 2022 in Woodside, New York.

Notary Public

FELIX O. VINLUAN
Notary Public, State of New York
No. 02VI6029101
Qualified in Nassau County
Commission Expires June 20, 2025

29