```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X

MARY GRACE MAGTOLES, AIRA C. TAN,
ANA MYRENE ESPINOSA, individually
and on behalf of all others similarly
situated; ANA MERVINE ESPINOSA,
                                                    MEMORANDUM & ORDER
                Plaintiffs,                         21-CV-1850 (KAM) (PK)

        - against -


UNITED STAFFING REGISTRY, INC. d/b/a
UNITED HOME CARE; BENJAMIN H. SANTOS,

                Defendants.

-----------------------------------------X
```

KIYO A. MATSUMOTO, United States District Judge:

On August 30, 2022, Defendants United Staffing Registry, Inc. and Benjamin H. Santos sent an unauthorized email to United Staffing employees, including members of the certified class in this action, encouraging them to opt out of the class. (ECF No. 57-2 ("8/30/22 Email").) On September 2, 2022, class counsel moved by order to show cause, pursuant to Federal Rule of Civil Procedure 23(d), for an order: (1) prohibiting Defendants and their attorneys, agents, and representatives from communicating with class members regarding this action and the claims asserted without prior court approval; (2) directing Defendants to provide class counsel with the names and email addresses of all individuals who received Defendants' August 30, 2022 email; and (3) authorizing class counsel to send a curative notice to class members. (ECF

No. 57-4 ("Pls.' Mem.") at 1.)  For the reasons set forth below, the motion is GRANTED.

## BACKGROUND & FACTUAL FINDINGS

On May 25, 2022, the court certified a class under Federal Rule of Civil Procedure 23 of all Filipino nurses who were employed by Defendants at any time since April 5, 2011 pursuant to an employment contract containing a liquidated damages provision, non-compete clause, immigration notification provision, and a prevailing wage requirement.  (ECF No. 47 ("Class Cert. M&O") at 32; see id. at 2-5 (discussing relevant contractual provisions).)  The court also appointed John J.P. Howley, Esq. and Leandro B. Lachica, Esq. as co-lead class counsel pursuant to Federal Rule of Civil Procedure 23(g).  (Id.)

On June 9, 2022, class counsel submitted a proposed notice to class members pursuant to Federal Rule of Civil Procedure 23(c)(2).  (ECF No. 49.)  The court ordered Defendants to respond (6/14/22 Minute Order), and Defendants submitted an alternative proposed class notice on June 17, 2022.  (ECF No. 50.)  Class counsel consented to the version of the class notice proposed by Defendants.  (ECF No. 51.)  Accordingly, after making edits consistent with the court's obligation to ensure "the best notice that is practicable under the circumstances," Fed. R. Civ. P. 23(c)(2)(B), the court approved Defendants' version of the class notice on June 27, 2022.  (ECF No. 52.)  The deadline to opt out

of the class was 45 days from the date of mailing, or September 3, 2022. (*Id.*; ECF No. 57-1 ("Howley Decl.") ¶ 3.)

Without seeking court approval, on August 30, 2022, less than a week before the opt-out deadline, Defendants sent an email to class members encouraging them to opt out of the class. (8/30/22 Email at 1-2.) The email, which was signed by the "United Staffing [Registry], Inc. Family," was sent from the address "info@unitedstaffingregistry.com" and copied Ferdinand Pascual, United Staffing's human resources manager. (*Id.*; *see, e.g.*, ECF No. 60-2 ("Pascual Decl.") ¶ 1.) The subject of the email was "Response to Howley's Letter," *i.e.*, a response to the court-approved class notice proposed by Defendants' counsel. (8/30/22 Email at 1.)[1]

Defendants' email acknowledged nurses' receipt of "a letter from the law office of John Howley, who filed a case against our company." (*Id.*) After noting that the class notice summarized Plaintiffs' claims in this action, the first paragraph of Defendants' email continued: "The Class Action Notice also states that United Staffing denies and opposes the allegations mentioned, and that United Staffing has defenses." (*Id.*) The first paragraph

---

[1] Defendants appear to have utilized the "bcc" function to send the August 30, 2022 email to various nurses. (*See* 8/30/22 Email at 1.) The email address of the "bcc" recipient appears to have been redacted from the exhibit submitted by class counsel (*see id.*), and class counsel seek an order directing Defendants to provide a list of the names and email addresses of all individuals who received the August 30, 2022 email. (Pls.' Mem. at 1.)

3

of the email concluded: "In fact, United Staffing filed counterclaims against the nurses for preterminating their contracts." (*Id.*)

The second paragraph of Defendants' email acknowledged class members' right to decide whether to remain in the class. (*Id.*) Following this acknowledgement, however, Defendants added that by opting into the class, "you may be asked to give testimony and information about your work for United Staffing, so that your testimony or information will help the Court decide whether you are actually owed any money." (*Id.*) Defendants' email also reminded class members of the requisite procedures for opting out and offered to "reimburse" class members for the cost of mailing the opt-out form. (*Id.* at 1-2.)

Defendants' email concluded with a list of seven "possible short responses" to class counsel for class members to opt out:

> 1. Thank you for writing to me about the Magtoles class action. But I am not interested in joining.
> 2. Sorry, I do not want to be a part of the Magtoles class action. I don't believe I was coerced to render my services or that I was not paid properly.
> 3. I believe I am not a part of the class your clients are supposed to represent. And even if I were, I do not want to be a part of the case. Thank you.
> 4. I was not forced to work by United Staffing. Neither was I not paid properly. So, I do not wish to be a member of the Magtoles class action.
> 5. I signed my contract voluntarily. United Staffing did not force me to work and to continue to work. The contract was clear. I agreed to work for at least three years. Besides, I was paid correctly. So I am not

4

>joining the class action filed by Magtoles and a few others.
>6. I received your letter about the class action against United Staffing. I do not want to be a part of this case because I willingly signed the contract and I understood the terms of the contract. Nobody forced me to work for United Staffing.
>7. I do not understand how your clients are claiming United Staffing forced them to work, when all of us voluntarily signed and we all understood the terms of our employment contract. I guess your clients just would like to get out of their 3-year contracts. I am not joining the class action case. Thank you.

(*Id.* at 2.) After receiving Defendants' email, a member of the class left a message for class counsel stating that "she cannot participate in the lawsuit because she has health issues and is worried about the burden of being a party to a lawsuit." (Howley Decl. ¶ 5.)

Based on the evidence cited above, on September 2, 2022, class counsel moved for an order, *inter alia*, (1) temporarily restraining Defendants from communicating with class members concerning this lawsuit or the claims asserted therein, and (2) directing Defendants to respond to any inquiries from class members concerning this lawsuit by advising them to contact class counsel pending a decision on Plaintiffs' motion. (ECF No. 57 ("Proposed OTSC") at 2.) The court, finding that class counsel had shown good and sufficient reasons, granted a temporary restraining order as requested and *sua sponte* extended the deadline to opt out of the class from September 3, 2022 until September 20, 2022. (ECF No. 58 ("OTSC") at 2.) In addition, the court ordered Defendants

5

to appear and show cause on September 6, 2022 why an order should not be entered: prohibiting Defendants and their attorneys, employees, agents, and representatives from communicating with class members regarding this action without prior court approval; authorizing class counsel to send a curative notice to class members; and directing Defendants to provide the names and email addresses of all individuals that received the unauthorized August 30, 2022 email. (*Id.* at 1-2.)

In their response to the court's order to show cause, Defendants acknowledged that they caused the August 30, 2022 email to be sent to class members. (ECF No. 60 ("OTSC Response") at 1.) Defendants oppose the relief requested by Plaintiffs, however, arguing that the August 30, 2022 email was "not misleading, not inaccurate, and not coercive." (*Id.* at 3.)

**LEGAL STANDARD**

"[A] district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981); *see also* Fed. R. Civ. P. 23(d)(1)(C), (E). The court has the responsibility "to safeguard [class members] from unauthorized, misleading communications from the parties or their counsel" because "[u]napproved notices to class members which are factually or legally incomplete, lack objectivity and neutrality, or contain

6

untruths will surely result in confusion and adversely affect the administration of justice." *Erhardt v. Prudential Grp., Inc.*, 629 F.2d 843, 846 (2d Cir. 1980). "The Court's authority to regulate communications under Rule 23(d) also extends to communications that interfere with the proper administration of a class action, those that abuse the rights of members of the class, and situations in which there is a relationship that is inherently coercive." *Cohen v. Northeast Radiology, P.C.*, 2021 WL 293123, at *11 (S.D.N.Y. Jan. 28, 2021) (citation omitted); *see also, e.g.*, *In re Currency Conversion Fee Antitrust Litig.*, 361 F. Supp. 2d 237, 252-53 (S.D.N.Y. 2005).

"[A]n order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil Co.*, 452 U.S. at 101; *see also Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 602 (2d Cir. 1986) (affirming order restricting communications between parties and potential class members). Such an order is considered "an exercise of the court's case-management authority" and does not require issuance of a formal injunction pursuant to Federal Rule of Civil Procedure 65. *Gortat v. Capala Bros., Inc.*, 2010 WL 1879922, at *4 (E.D.N.Y. May 10, 2010) (quoting Manual For Complex Litigation (Fourth) § 21.33 n.917 (2004)).

7

**DISCUSSION**

After reviewing the record discussed above, the court finds clear evidence that Defendants' unauthorized August 30, 2022 email was misleading, coercive, and otherwise interfered with the proper administration of this class action.  Moreover, the court finds that the Plaintiff class members will be irreparably harmed if they are pressured to opt out of the class and forego their rights based on Defendants' August 30, 2022 email.  Accordingly, as requested by class counsel, the court will enter an order: (1) prohibiting Defendants and their attorneys, employees, agents, and representatives from communicating with class members regarding this action without prior court approval (however, class members may communicate with each other about this case); (2) requiring Defendants to provide class counsel with a list of the names and email addresses of all individuals who received the August 30, 2022 email no later than 12:00 PM on September 7, 2022; and (3) authorizing class counsel to send a curative notice to class members, including to advise class members of the extension of the opt-out deadline from September 3, 2022 until September 20, 2022. (*See* Pls.' Mem. at 1.)

First, Defendants' unauthorized email is misleading because it is "factually or legally incomplete" in several respects.  *Erhardt*, 629 F.2d at 846.  Specifically, Defendants' list of "possible . . . responses" includes several statements

8

that suggest class members should opt out if they did not feel subjectively threatened or coerced by the terms of their contracts with United Staffing. (*E.g.*, 8/30/22 Email at 2 ("I don't believe I was coerced to render my services or that I was not paid properly."); *id.* ("I was not forced to work by United Staffing. Neither was I not paid properly."); *id.* ("I signed my contract voluntarily. United Staffing did not force me to work and to continue to work. The contract was clear. I agreed to work for at least three years. Besides, I was paid correctly."); *id.* ("I do not want to be a part of this case because I willingly signed the contract and I understood the terms of the contract. Nobody forced me to work for United Staffing."); *id.* ("I do not understand how your clients are claiming United Staffing forced them to work, when all of us voluntarily signed and we all understood the terms of our employment contract. I guess your clients just would like to get out of their 3-year contracts.").) In its memorandum and order granting Plaintiffs' motion for class certification, however, the court made clear that a nurse's "subjective beliefs" about their contracts are "not dispositive" of the claims in this action. *Magtoles v. United Staffing Registry, Inc.*, 2022 WL 1667005, at *10 (E.D.N.Y. May 25, 2022). The court thus agrees with Plaintiffs that it was misleading for Defendants "to tell nurses that they should opt [out] of the class because they voluntarily signed the contracts without also telling them that

9

the $90,000 liquidated damages clause and nationwide non-compete clause may be found unenforceable even if they voluntarily signed the contracts." (Pls.' Mem. at 4-5.)

Second, Defendants' unauthorized email includes misleading and coercive statements about the burdens of remaining in the class. *See Erhardt*, 629 F.2d at 846. As the employer of class members, Defendants sent an email warning class members that "United Staffing filed counterclaims against the nurses for preterminating their contracts." (8/30/22 Email at 1.) Viewed in context, this statement conveys an implicit threat, by the Defendants to their employee class members, that they too will be sued if they choose to remain in the class. This statement is also misleading because it suggests that nurses will face liability for "preterminating their contracts" (*id.*), regardless of whether those contracts (as Plaintiffs contend) are unenforceable. Similarly, Defendants' email warns that class members who choose to remain in the class "may be asked to give testimony and information about your work for United Staffing, so that your testimony or information will help the Court decide whether you are actually owed any money." (*Id.*) Although this statement may be accurate in isolation, when viewed in the context of Defendants' entire email and the employer-employee relationship at issue, the court finds that this statement represents a coercive attempt to improperly solicit opt outs. Indeed, at least one class member

10

has already contacted class counsel to state that she "cannot participate in the lawsuit because she has health issues and is worried about the burden of being a party to a lawsuit." (Howley Decl. ¶ 5.)

Third, Defendants' unauthorized email includes several statements that "lack objectivity and neutrality" and thus, could coerce or mislead class members into opting out. *Erhardt*, 629 F.2d at 846. Most notably, Defendants' email suggests that class members opt out with the following response: "I do not understand how your clients are claiming United Staffing forced them to work, when all of us voluntarily signed and we all understood the terms of our employment contract. I guess your clients just would like to get out of their 3-year contracts." (8/30/22 Email at 2.) Defendants' suggested responses also contain several other one-sided statements that parrot Defendants' defenses in this action and encourage class members to opt out, including: "I was not forced to work by United Staffing," "I signed my contract voluntarily," "The contract was clear," and "I was paid correctly." (*Id.*) Thus, contrary to Defendants' assertion (*see* OTSC Response at 6), the court finds that the suggested responses in Defendants' email "threaten to create confusion" and to "interfere with the proper administration of a class action." *In re Currency Conversion Fee Antitrust Litig.*, 361 F. Supp. 2d at 252.

11

Finally, "[t]he majority of courts recognize that an attorney-client relationship with class counsel arises at the time the class is certified, at least for the limited purpose of aiding prospective class members in deciding whether or not to join in the class action." *Chen-Oster v. Goldman, Sachs & Co.*, 2018 WL 3869886, at *3 (S.D.N.Y. July 24, 2018) (quotations and citation omitted). "Therefore, upon certification, defense counsel is bound by New York Rule of Professional Conduct 4.2(a), which provides that a lawyer shall not communicate or cause another to communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the prior consent of the other lawyer or is authorized to do so by law." *Gortat*, 2010 WL 1879922, at *2 (quotations and citation omitted). Because there is evidence in the record showing that Defendants sent the August 30, 2022 email after consulting with defense counsel (*see* ECF No. 60-1 ("Santos Decl.") ¶¶ 2-4; Pascual Decl. ¶¶ 10-11), the court finds that the protection of the attorney-client relationship provides an additional basis to include Defendants' attorneys within the court's order prohibiting communications with class members without prior court approval. *See Gortat*, 2010 WL 1879922, at *6 (ordering that "defense counsel may not communicate or cause his clients to communicate with class members on any matter related to

12

this litigation unless prior consent is obtained by the Court or by class counsel").

In sum, Defendants' unauthorized email – which was signed by the "United Staffing [Registry], Inc. Family" (8/30/22 Email at 2) – was sent in the "inherently coercive" context of an ongoing employment relationship between Defendants and class members. *Cohen*, 2021 WL 293123, at *11 (citation omitted). Defendants' email included several misleading statements regarding the merits of the claims and defenses in this action, as well as implicit threats and misleading statements regarding the burdens of remaining a class member. (*See* 8/30/22 Email at 1-2.) Viewed in its proper context, the court finds that Defendants' email constituted an improper, coercive, and misleading attempt to encourage class members to opt out. Under similar circumstances, courts have not hesitated to grant the relief requested by class counsel. *See, e.g.*, *Shulman v. Becker & Poliakoff, LLP*, 2018 WL 4961003, at *7 (S.D.N.Y. Oct. 15, 2018) (enjoining communications "with potential class members about this lawsuit or about opting out of this lawsuit"); *O'Conner v. Agilant Sols., Inc.*, 444 F. Supp. 3d 593, 606 (S.D.N.Y. 2020) (ordering curative notice); *Chen-Oster*, 2018 WL 3869886, at *4 (ordering production of class members' contact information to plaintiffs' counsel).

13

**CONCLUSION**

For the reasons set forth above, class counsel's motion is GRANTED. The court orders as follows:

(1) Defendants and their attorneys, employees, agents, and representatives shall not communicate with class members regarding this action without the prior approval of the court or class counsel. Nothing in this order shall be construed to prevent class members from communicating with one another.

(2) By September 7, 2022 at 12:00 PM, Defendants shall provide to class counsel a list of the names and email addresses of all individuals who received the August 30, 2022 email.

(3) Class counsel shall send a curative notice (see ECF No. 57-3) to all individuals who received Defendants' unauthorized August 30, 2022 email. The curative notice shall include language stating that the court extended the opt-out deadline from September 3, 2022 until September 20, 2022. Class counsel shall confer with defense counsel regarding any other changes to the curative notice proposed by class counsel.

SO ORDERED.

/s/ Kiyo A. Matsumoto
Hon. Kiyo A. Matsumoto
United States District Judge
Eastern District of New York

Dated:   Brooklyn, New York
         September 6, 2022