UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
MARY GRACE MAGTOLES, AIRA C. TAN, :
ANA MYRENE ESPINOSA, and ANA :
MERVINE ESPINOSA, *individually and on behalf of* :
*all others similarly situated*, :
: **FINAL ORDER AND**
Plaintiffs, : **JUDGMENT**
:
-against- : 21-CV-1850 (PK)
:
UNITED STAFFING REGISTRY, INC. d/b/a/ :
United Home Care, and BENJAMIN H. SANTOS, :
:
Defendants. :
:
------------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

Mary Grace Magtoles, Aira C. Tan, Ana Myrene Espinosa, and Ana Mervine Espinosa (together, "Plaintiffs") brought this class action lawsuit against United Staffing Registry, Inc. ("United Staffing") and Benjamin H. Santos (collectively, "Defendants"), seeking relief based on Defendants' alleged violation of the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. § 1589 *et seq.*, breach of contract, fraud, and unjust enrichment. (*See* Compl., Dkt. 1.)

The Court certified a Class comprised of "all Filipino nurses who were employed by Defendants at any time since April 5, 2011 pursuant to an employment contract containing a liquidated damages provision, non-compete clause, immigration notification provision, and a prevailing wage requirement," and appointed John J.P. Howley, Esq. and Leandro B. Lachica, Esq. as Class Counsel. *Magtoles v. United Staffing Registry, Inc.*, No. 21-CV-1850 (KAM)(PK), 2022 WL 1667005, at *11 (E.D.N.Y. May 25, 2022). After the parties entered into a final settlement agreement with a total payment amount of $1,649,483.51 (Settlement Agreement ¶ 1, Dkt. 77-3), the Court granted Plaintiffs'

1

Motion for Preliminary Approval of Class Action Settlement. (*See* "Preliminary Approval Order," Dkt. 78.)

Before the Court is Plaintiffs' unopposed Motion for Final Approval of Class Action Settlement and Approval of Class Counsel's Attorneys' Fees and Costs. ("Motion," Dkt. 79.) In the Motion, Plaintiffs state that they have identified one additional Class Member, Justina Lapradez-Elrod, who contacted Class Counsel to point out that her name and settlement amount were not listed on Schedule A of the Settlement Agreement. (Motion at 14.) Class Counsel verified that a payment of $10,160.00 should have been included for Ms. Lapradez-Elrod and seeks to add her name and payment amount to Schedule A of the Settlement Agreement. (*Id.*) Class Counsel agreed to a reduction in its requested fee, so that payment to her would not impact the payments to any other Class Members or the total amount of Defendants' settlement payment. (*Id.*)

The Motion is unopposed.

The Court held a final approval hearing on March 5, 2024.

Having considered the Motion, the supporting declarations, the arguments presented at the final approval hearing, and the complete record in this matter, the Court (i) grants final approval of the settlement as memorialized in the Settlement Agreement; (ii) authorizes the distribution of payments to the Class Members listed on Schedule A of the Settlement Agreement as amended to include Justina Lapradez-Elrod and payment to her of $10,160.00; and (iii) approves an award of attorneys' fees of $484,251.60 and costs in the amount of $5,588.40.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. The Court grants final approval of the Settlement Agreement and "so orders" all of its terms which are incorporated herein. This Order incorporates by reference the definitions in the Settlement Agreement and all exhibits, addendums, stipulations, and schedules thereto.

2. In preliminarily approving the settlement, the Court weighed the Federal Rule of Civil Procedure 23(e)(2) factors and the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F. 2d 448 (2d Cir. 1974) and found that it would likely be able to approve the proposed settlement as fair, reasonable, and adequate. (Preliminary Approval Order at 5-11.) The Court now finds that Plaintiffs and Class Counsel have adequately represented the Class pursuant to Rule 23(e)(2)(A), the settlement was reached through arm's-length negotiations between experienced counsel pursuant to Rule 23(e)(2)(B), the relief was adequate for the Class pursuant to Rule 23(e)(2)(C), and the Class Members were treated equitably relative to each other pursuant to Rule 23(e)(2)(D). The Court also finds that the remaining *Grinnell* factors—the stage of the proceedings and the amount of discovery completed, the ability of the Defendants to withstand a greater judgment, the range of the settlement fund in light of the best possible recovery, and the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation— weigh in favor of final approval.

3. The only factor the Court could not address in the Preliminary Approval Order was the reaction of the class to the settlement. (*See* Preliminary Approval Order at 12-13.) Following the issuance of the Preliminary Approval Order, Class Counsel mailed or emailed the Notice of Settlement to all Class Members who had not opted out of the Class.[1] None of the 271 Class Members has objected to the proposed settlement, and, therefore, the response to the settlement has been positive.

4. Accordingly, because the Rule 23(e)(2) and *Grinell* factors all weigh in favor of approval, the Court approves the proposed settlement as fair, reasonable, and adequate.

---

[1] Of the 298 potential Class Members identified during discovery, 27 opted out of the Class. (Pl. Mem. of Law at 3, Dkt. 79-1.)

5. The Court grants Plaintiffs' request for attorneys' fees and costs. The Court awards Class Counsel $484,251.60 in requested attorneys' fees, which reflects approximately 29% of the Settlement Amount, plus $5,588.40 for costs. The Court finds that this award of a percentage of the gross Settlement Amount is reasonable. *See, e.g., Karic v. Major Auto. Companies, Inc.*, No. 09-CV-5708 (CLP), 2016 WL 1745037, at *8 (E.D.N.Y. Apr. 27, 2016) (collecting cases and noting that "Courts in this Circuit have often approved requests for attorneys' fees amounting to 33.3% of a settlement fund"). The requested award of attorneys' fees represents a lodestar multiplier of approximately 0.93 based on contemporaneous billing records submitted by Class Counsel. (*See* Howley Billing Records, Dkt. 79-4; Lachica Billing Records, Dkt. 79-6.) The fee award is justified by the work that Class Counsel did conducting this litigation, including bringing a successful summary judgment motion, negotiating the settlement, achieving the ultimate recovery, and by the risk that Class Counsel undertook in bringing the claims.

6. The Court finds that the service awards of $10,000.00 each to Mary Grace Magtoles, Aira C. Tan, Ana Myrene Espinosa, and Ana Mervine Espinosa, the named plaintiffs who brought the action on behalf of the Settlement Class, are reasonable in light of the work they did on behalf of the Class.

7. Plaintiffs and Defendants shall release each other from claims as set forth in paragraphs 5 and 7 of the Settlement Agreement, respectively. Plaintiffs shall not be prevented from participating in any investigation or proceeding as set forth in paragraph 6 of the Settlement Agreement, however, they waive any right to recover monetary damages or other relief in any such proceeding relating to any released claim.

8. The parties are directed to comply with the terms of the Settlement Agreement and this Final Approval Order and Judgment. As set forth in the Settlement Agreement, within 21

4

days of entry of this Order, Defendants are directed to mail settlement checks to each Class Member in accordance with Schedule A of the Settlement Agreement as amended to include Justina Lapradez-Elrod and payment to her of $10,160.00, and wire transfer the court-approved attorneys' fees and costs totaling $489,840.00 to Class Counsel.  No later than 30 days thereafter, Defendants shall pay $100,000.00 each to the *cy pres* organizations, Philippine Nurses Association of America, Philippine Nurses Association of New York, and Philippine Nurses Association of New Jersey.

9.  This Action is hereby dismissed with prejudice.  This Final Order and Judgment shall bind all Class Members.

10. Without affecting the finality of this Final Order and Judgment, the Court will retain jurisdiction over the case following the entry of this Final Order and Judgment until all payments have been made by Defendants as provided for in the Settlement Agreement.

11. Final Judgment is hereby entered pursuant to Federal Rules of Civil Procedure 54 and 58 consistent with the terms of the Settlement Agreement.

                                                 **SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated:   Brooklyn, New York
           March 11, 2024